IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| NAVAJO NATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 508-88L<br>Senior Judge Eric G. Bruggink |

**JOINT STIPULATION OF CONFIDENTIALITY AND [PROPOSED] ORDER**

WHEREAS, the parties entered into a Joint Stipulation of Confidentiality on May 19, 2003, which was adopted by the Court in an Order, dated May 22, 2003; and

WHEREAS, the parties intend to exchange copies of material within the parties' possession, custody, or control, which material contains information regarding the Nation or its members, or property that is managed or may have been managed by the Defendant for or on behalf of the Nation or its members, or in which the Nation asserts an ownership interest; and

WHEREAS, the parties recognize that some of the materials described above may include information about third parties, including information relating to Indian tribes other than the Nation or individual Indians, which, as a result, may be subject to protection from disclosure under federal law, except as otherwise authorized by law; and

WHEREAS, the parties recognize that due to the large volume of documents the parties intend to exchange, the documents may include privileged information that has been inadvertently released; and

WHEREAS, the parties desire to take additional appropriate steps to ensure protection of the confidentiality of such records consistent with applicable law and to avoid the disclosure of privileged information;

NOW THEREFORE, the parties agree that:

1. "Confidential material" under this Joint Stipulation of Confidentiality ("Stipulation") is defined as including information subject to protection from disclosure (1) pursuant to various federal laws, including, but not limited to, the Privacy Act, 5 U.S.C. § 552a, including information related to Individual Indian Money accounts; Indian Minerals Development Act, 25 U.S.C. § 2103(c); Trade Secrets Act, 18 U.S.C. § 1905; Archeological Resources Protection Act, 16 U.S.C. § 470hh(a); Surface Mining Control and Reclamation Act, 30 U.S.C. § 1201; National Historic Preservation Act Amendments of 1992, 16 U.S.C. § 470w-3; the Mineral Leasing Act, 30 U.S.C. § 181 *et seq.*; and the Health Insurance Portability and Accountability Act of 1996, P. Law 104-191; or (2) as confidential business information, e.g., 40 C.F.R. Part 2.

2. "Privileged material" under this Stipulation is defined as including information subject to protection from disclosure pursuant to the attorney-client and work product privilege. In the event one of the parties inadvertently discloses information subject to either the attorney-client or work product privilege, regardless whether such disclosure is discovered by the Nation or the United States, that information shall be immediately returned by the non-disclosing party, and all copies destroyed.

3. All documents that the parties make available for inspection will be deemed "confidential material" for purposes of the inspection. These materials shall be kept strictly

confidential by the parties' attorneys and designees. These materials and information contained therein shall not be disclosed, made public, or otherwise made available to anyone, except as specifically provided in this Order, by mutual agreement of the parties, or by such further Order as the Court may enter.

4. All documents that the parties make available for inspection may be disclosed without further Court approval, consistent with paragraph 5 below, only to the following: (1) the attorney of record in this case and the other attorneys, paralegals, support staff, and designees as may be necessary in the ordinary course of representing the Nation or Defendant herein; and (2) expert witnesses or consultants retained by the Defendant or the Nation.

5. The attorney of record in this case, the other attorneys, paralegal, and support staff, and Defendant's and the Nation's designees may have access to those documents that one party makes available to the other party's attorneys of record **provided, however**, that any person receiving access to these materials shall, prior to receiving access, execute an "Affidavit of Confidentiality" in the form attached herewith as Exhibit "A." The executed Affidavits of Confidentiality shall be maintained by each parties' attorney of record and shall be provided to the other party upon request, unless such disclosure would provide information not otherwise subject to discovery, in which event such forms shall be provided to the Court under seal for the Court's review if a motion for such review is made by the other party.

6. Neither party shall file at any time with the Court in this action a pretrial motion, brief, pleading, expert witness reports or other document that quotes, or that contains confidential material obtained from a document that one party makes available for inspection to the other party's attorneys of record unless (1) the party who provided the document provides prior written

authorization, or (2) the document is filed under seal with the Clerk of the Court, or (3) the Court orders that such document not be filed under seal. Any party desiring to electronically file materials or pleadings under seal shall do so only after first obtaining an order from the Court allowing it to do so pursuant to Paragraph 7 of the Court's General Order No. 42A. Otherwise, such documents shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title to the action, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Confidential Material -- Filed Under Seal," and a statement substantially in the following form:

> This envelope or container is sealed and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof displayed or revealed except by order of the Court or pursuant to written stipulation of the parties to this action. This envelope or container shall not be opened without order of the Court, except by officers of the Court or attorney of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container.

Any filing of documents under seal will include a copy of this Stipulation. The parties agree that this does not apply to information provided by the Nation or Defendant that does not contain confidential material.

7. It shall be the responsibility of the attorneys of record in this action to employ, consistent with this Order, reasonable measures to control duplication of, access to, and distribution of the documents that are made available for inspection .

8. Any party to this Stipulation may challenge any designation of confidential material. Prior to filing any motion challenging the designation of confidential material, the party proposing to make such a motion shall give the producing party not less than 10 days

advance written notice specifically setting forth the grounds for the objection to the confidential material designation. A shorter notice period may be ordered by the Court or agreed upon by counsel. During the notice period, the objecting party shall confer with the producing party in a good faith effort to resolve the dispute without filing a motion. If the informal good faith effort fails to resolve the dispute, any party may challenge by motion any designation of a document or of testimony as confidential material.

9. Within 60 days after the final disposition of this case, including any appeals, the discovering party and its counsel shall return to producing counsel all copies of confidential material. Discovering counsel shall be entitled to retain memoranda and pleadings containing confidential material to the extent necessary to preserve a file in this case, which file shall not be disclosed to anyone other than discovering counsel and their employees. All deposition transcripts, exhibits, and any other material returned to the parties or their counsel by the Court that contain confidential material shall also be returned as set forth above. In lieu of returning all discovery, as required by this paragraph, the parties hereto may agree in writing on other means to protect discovered information (e.g., destruction with confirming declaration under penalty of perjury).

10. Nothing in this Stipulation restricts the use of information obtained from sources other than discovery conducted under the terms of this Stipulation. However, either party may designate such information within 10 days after receipt as confidential material in which case this Stipulation shall apply.

11. In order to allow disclosure of otherwise confidential material, the parties may agree to redact those portions of a document deemed confidential by the Nation or by the Defendant.

12. The terms of this Stipulation shall survive and remain in full force and effect after the termination of this lawsuit.

13. This Stipulation supercedes the Joint Stipulation of Confidentiality, which was filed on May 19, 2003, and is intended to apply to documents disclosed subsequent to the effective date of this Stipulation.

Respectfully Submitted,

For the Nation:

BRUCE GREENE
Greene, Meyer & McElroy
1007 Pearl Street
Suite 220
Boulder, CO 80302
(303) 442-2021 (phone)
(303) 444-3490 (fax)

Dated: 1/23/07

For Defendant:

WILLIAM SHAPIRO
United States Department of Justice
Environment and Natural Resources
Division
Natural Resources Section
501 I Street, Suite 9-700
Sacramento, CA 98515
(916) 930-2207 (phone)
(916) 930-2210 (fax)

Dated: 1/22/07

EXHIBIT A

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| NAVAJO NATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 508-88L<br>Senior Judge Eric G. Bruggink |

AFFIDAVIT OF CONFIDENTIALITY

STATE OF ____________________,

1. My name is ____________. I work at ____________. I am serving in the following capacity on behalf of ____________ in the above-captioned proceeding: __________________.

2. I certify that I have fully read and completely understand the Joint Stipulation of Confidentiality attached and incorporated herewith as Exhibit 1. I undertake and agree to abide fully and completely by its terms.

3. In particular, and without limitation of the foregoing, I recognize that documents may contain privileged proprietary information; I agree to keep confidential the information in those documents; I shall not disclose to, reveal, or discuss in any way any confidential material or the facts and information contained therein with any person other than as authorized by the attached Joint Stipulation of Confidentiality; and I shall not use confidential information for any purpose, except as provided by the terms of this stipulation.

4. I understand that, if I disclose any confidential material or information derived from any confidential material in violation of this Joint Stipulation of Confidentiality, I may be subject to all applicable sanctions, including the penalties imposed by the Court for contempt.

5. I agree to return any such documents at the conclusion of this litigation to the producing counsel as provided in paragraph 7 of the Stipulation.

____________________________________
AFFIANT

SWORN TO AND SUBSCRIBED BEFORE ME,
THIS ___________ DAY OF ________________, 2007.

_______________________________
NOTARY PUBLIC

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| NAVAJO NATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | ) | Case No. 508-88L<br>Senior Judge Eric G. Bruggink |

**[PROPOSED] ORDER**

The Court having found good cause for the entry of an order approving the foregoing stipulation of the parties,

IT IS THEREFORE ORDERED that the stipulation as contained herein is approved, and it is further

ORDERED that this jointly stipulated confidentiality and non-disclosure Order shall govern access to documents as provided herein, unless modified by further order of this Court.

Date: ______________________

______________________
SENIOR JUDGE ERIC G. BRUGGINK
United States Court of Federal Claims