Electronically Filed on January 14, 2008

**IN THE UNITED STATES**

**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE NAVAJO NATION, | ) | |
| | ) | No. 1:88-cv-00508 |
| Plaintiff, | ) | |
| v. | ) | Senior Judge Eric G. Bruggink |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

**<u>NAVAJO NATION'S STATUS REPORT</u>**

Pursuant to the parties' December 18, 2007 Joint Status Report and the Court's December 19, 2007 Order, the Navajo Nation submits the following status report:

1. In their December 18, 2007 Joint Status Report, the parties stated their intention to propose a case management plan by January 14, 2008.

2. After discussing the matter fully, the parties have not been able to reach agreement on a proposed case management plan.

3. The Navajo Nation recommends the following case management plan for adoption by the Court:

A. Joint Preliminary Status Report: March 1, 2008
B. Rule 26(a)(1) disclosures: May 1, 2008
C. Deadline for amending pleadings: May 31, 2008
D. Rule 26(a)(2) disclosures:
   1. Identity of experts: September 1, 2008
   2. Expert reports: December 1, 2008
   3. Rebuttal witnesses: March 1, 2009
   4. Rebuttal witnesses' reports: May 1, 2009
E. Completion of discovery re case in chief witnesses: April 1, 2009
F. Completion of all discovery: July 1, 2009
G. Post-discovery conference: August 1, 2009

H. Pretrial Motions:
   1. Opening briefs: September 1, 2009
   2. Response briefs: November 1, 2009
   3. Reply briefs: December 1, 2009
I. Date for final pre-trial conference: April 15, 2010
J. Date for trial: May 1, 2010

This plan is not acceptable to the United States.

4. The Navajo Nation further suggests that alternative dispute resolution might be a viable means of resolving this litigation.

5. The Navajo Nation does not agree with the United States' recommendation that the parties halt discovery and seek to resolve some or all of the issues in the litigation by summary judgment.

6. Discovery is not complete in this case and, accordingly, the Navajo Nation does not anticipate that any of the issues in the litigation can be resolved by summary judgment. In particular, there have been no reports or disclosures related to potential expert testimony. In addition, the Court's previous denial of the United States' prior motion for summary judgment is the law of the case. In denying that motion, the Court stated that it did not "have enough facts to come to a conclusion that summary judgment [was] appropriate." Transcript of Record at 47 (Feb. 29, 1996). Furthermore, the Court indicated its inclination "to try the statute of limitations, merits and damages all together." *Id.* at 53. Against this backdrop and in the absence of completion of discovery and the exchange of expert reports, there is no reason to believe that there is an adequate foundation for the resolution of any of the complex issues in this case by summary judgment.

7. In any event, the United States' proposed deadline requiring the Navajo Nation to respond on June 2, 2008, 30 days after the United States files its motion is not appropriate. The

Navajo Nation's primary expert is an academic professor who will not be available to begin to complete his fieldwork until May, 2008. We anticipate that he will take the full summer to complete his fieldwork and finish his report. Furthermore, in a case of this magnitude, it is not reasonable to require the Navajo Nation to respond to a motion for summary judgment within 30 days.

8. Based on the foregoing, the Navajo Nation requests that the Court adopt the Navajo Nation's proposed plan as set forth in Paragraph 3 of this status report.

9. To the extent the Court determines that the United States should be permitted to file a motion for summary judgment prior to the completion of all discovery, the Navajo Nation requests the Court to:

A. Direct the parties to develop a stipulation of facts prior to the submission of the United States' motion; and

B. Amend the United States' proposed schedule as follows:

i. United States' Motion for Summary Judgment is due within 60 days after the stipulation of facts is filed with the Court.
ii. Any Navajo Nation Cross Motion for Summary Judgment and Response to United States' Motion for Summary Judgment is due within 60 days after the United States files its Motion for Summary Judgment.
iii. United States' Response to the Navajo Nation's Motion for Summary Judgment and a Reply to the Navajo Nation's Response is due 45 days after the Navajo Nation's Cross Motion for Summary Judgment and Response is filed.
iv. Navajo Nation's Reply to the United States' Response is due within 45 days after receiving the United States' Response and Reply.
v. Oral Argument: At the Court's convenience.
vi. Joint Status Report to suggest further proceedings: two weeks after resolution of the parties' Motions for Summary Judgment.

10. The Nation further requests that the Court schedule a status conference to discuss these matters prior to issuing its Order. The United States has indicated that it does not oppose this request.

Dated: January 14, 2008

Respectfully submitted,

BRUCE R. GREENE
SCOTT B. McELROY
M. CATHERINE CONDON
Greene, Meyer & McElroy, P.C.
1007 Pearl St., Ste. 220
Boulder, Colorado 80302
(303) 442-2021 (phone)
(303) 444-3490 (fax)

PETER J. OSETEK
412 E. Huron Street
Ann Arbor, Michigan 48104
(734) 769-4500

*Counsel for the NAVAJO NATION*

*/s/ Bruce R. Greene*
By:________________________
Bruce R. Greene