# In the United States Court of Federal Claims

| | |
|---|---|
| THE NAVAJO NATION, | |
| Plaintiff, | No. 508-88L |
| v. | (Filed: March 8, 1996) |
| THE UNITED STATES, | |
| Defendant. | |

RECEIVED
MAR 18 1996
Department of Justice
Natural Resources Unit

## ORDER

Upon consideration of the representations made by the parties during the oral argument held on February 29, 1996, and for the reasons explained by the court at the close of that argument, it is hereby ORDERED:

1. Defendant's motion for summary judgment as it relates to plaintiff's equal protection claim (as applied through the Due Process Clause of the Fifth Amendment) is GRANTED. "This court has no jurisdiction over claims based upon the Due Process and Equal Protection guarantees of the Fifth Amendment, because these constitutional provisions do not obligate the Federal Government to pay money damages." Carruth v. United States, 224 Ct. Cl. 422, 445, 627 F.2d 1068, 1081 (1980).

2. Defendant's motion for summary judgment on plaintiff's takings claim is DENIED. Takings cases rely on "ad hoc, factual inquiries into the circumstances of each particular case," Connolly v. Pension Benefit Guaranty Corp., 475 U.S. 211, 224 (1986), and defendant has not demonstrated the absence of any dispute as to a material issue of fact. See also United States v. Sioux Nation of Indians, 448 U.S. 371, 415 (1980) ("the question whether a particular measure was appropriate for protecting and advancing the tribe's interests, and therefore not subject to the constitutional command of the Just Compensation Clause, is factual in nature").

EXHIBIT A

3. Defendant's motion for summary judgment on statute of limitations and ripeness grounds is DENIED. Defendant has not demonstrated the absence of any dispute as to any material issue of fact. Because many of the same factual issues raised by the takings claim must be considered when evaluating the statute of limitations and ripeness issues, it would seem appropriate to try all of these issues together.

4. Defendant's motion for summary judgment on plaintiff's breach of trust claim is DENIED. As the court explained, the same factual issues are involved in evaluating the takings claim and the breach of trust claim.

5. On or before March 22, 1996, the parties shall file a joint status report proposing scheduling for further discovery in this action.

ROGER B. ANDEWELT
Judge