SALT LAKE CITY 11, UTAH

JOHN S. BOYDEN
ALLEN H. TIBBALS
EARL P. STATEN
BRYANT H. CROFT

May 29, 1963

Commissioner of Indian Affairs
Washington, D. C.

Dear Sir:

My client, the Hopi Indian Tribe, has drawn to my attention that the Navaho Indian Tribe contemplates development in Pasture Canyon in the western extension of the Navaho Reservation. I have been permitted to examine a preliminary engineering report on this project prepared by Chambers and Campbell Incorporated, 3500 Indian School Road, Northeast, Albuquerque, New Mexico.

The Navaho Tribe included the item in their budget, and last October conditional approval was granted to the tribe, for including the item in the budget pending a study to determine whether the development would interfere with the present use of water from the same source by the Hopi Tribe of the Moencopi area.

Our study indicates that such development would definitely interfere not only with future development of the Hopi interests, but with present useage and we, therefore, request that the Hopi rights in the area be given proper consideration.

I call to your attention that the Hopi Indians of the Moencopi area have a long history in this area, a history which was recognized in the Act of Congress of June 14, 1934, 48 Stat 960. The boundaries of the Navaho Reservation were then extended but the rights of the Moencopi people in the area were preserved and protected. At page 961 of 48 Stat, the law provides:

> "All vacant, unreserved, and unappropriated public lands, including all temporary withdrawals of public lands in Arizona heretofore made for Indian purposes by Executive order or otherwise within the boundaries defined by this Act, are hereby permanently withdrawn from all forms of entry or disposal for the benefit of the Navajo <u>and such other Indians as may already be located thereon; however</u>. . . . . . ." (Emphasis ours)

We do not regard the development of this area as a matter within the exclusive province of the Navaho Indian Tribe. This is the area of the Navaho Reservation which caused Congress to set the reservation aside, not only for the Navaho but Hopi Indians also. Any development of the area should take into consideration these established rights. We are hopeful that when the present

C O P Y

Exhibit 6 to
United States' Motion
DOJ16

COPY



controversy between the Hopi Indians and Navaho Indians now in the Supreme Court of the United States, Healing v. Jones, has been determined, we may make some definite provision for a fair treatment of the Moencopi Hopi.

It is our intention to then call this matter to your attention and to the attention of the Secrerery of the Interior. In the meantime, we trust that no steps will be taken that are detrimental to the rights of these Hopi people.

Very truly yours,

JOHN S. BOYDEN

JSB:bg
CC: W. Wade Head, Area Director, Phoenix Area Office
F. M. Haverland, Area Director, Gallup, N.M.
Superintendent H. E. O'Harra, Hopi Indian Agency
Abbott Sekaquaptewa, Tribal Chairman, Hopi Indian Tribe