June 11, 1966

Commissioner of Indian Affairs
Washington 25, D. C.

Dear Commissioner:

On June 9, 1963, while you were out of the city, I personally delivered to James Officer, for you, a copy of my communication to William A. Simson of Arizona Public Service Company at Phoenix under date of June 6, 1963.

The application of Arizona Public Service to the Hopi Tribal Council for a right of way over the joint use area of the Hopi lands presents no real problem but the insistence of Navajo legal counsel that their resolution contain a provision in fact denying any Hopi interest in the lands is in defiance to judicial decree and invites unnecessary trouble.

At our recent conferences held in Washington, D. C. the representatives of Arizona Public Service Company seemed to assume that since the Navajo legal counsel will not retreat from his arbitrary position the Hopi Indians are the obstructionists in failing to pamper the whim. We sincerely trust a fair analysis of the situation will reveal our reason and justify our position. The Hopi Tribal Council will take no action upon the requested right of way until we have had an opportunity to inspect the executed Navajo resolution and we are confident our action will add no succor to the untenable Navajo legal posture.

We have as yet received no request for Hopi consent to a right of way over the reservation confirmed by Act of Congress on June 14, 1934 ( 48 Stat. 960). It is not the duty of the owner of an interest in land to volunteer assistance to the power company in obtaining its right of way. The burden is upon the applicant to make the title search. If there has been no confluence of fact and statute in the minds of others, at least the Hopi Indians know they were the other Indians located on the reservation to which the 1934 statute made reference. On May 20, 1964, I personally delivered to Commissioner Philleo Nash a letter dated May 19, 1964, wherein we protested the granting of coal prospecting permits and sought the aid of the guardian of the property of both tribes in protecting Hopi interests. Ten days later a supplementary letter was sent to the Commissioner citing precedent and authority for the Hopi

WRO133

Exhibit 9 to
United States' Motion
DOJ21

contention and calling to official attention the inequalities imposed upon the weaker Hopi Tribe by the Navajo and the government. With obvious intent to delay and subtle design to abort, on June 2, 1964, we were informed that the views of the two area officers upon the point raised had been requested. July 21, 1964, we had learned that both area offices had responded and the Commissioner was so advised by us. July 31, 1964, we were assured the matter was under consideration in the Solicitor's office. After waiting until March 29, 1965, we again asked for a reply and informed the Commissioner that insult had been added to injury when a key business corner within the customary Mooncopi Hopi use area had been graded and graveled for the construction of a business investment, without even consulting the Hopi people. The Commissioner remained mute while the Navajo proceeded with the completion of the enterprise which now flourishes in irritating disrespect for Hopi rights. The Commissioner was reminded that a bill to resolve the conflicting tribal claims, HR 9529, 88th Congress, had died because we were unable to obtain any report from the Department of Interior. Finally we learned that problem had been withdrawn from the Solicitor's office and the Solicitor had no question before him on the subject. To say we are dissatisfied is a mild understatement.

The Hopi Tribal Council by unanimous resolution has authorized and directed me to take such action as in my opinion may be lawful and helpful in definitely defining, protecting and effectively administering the rights of the Hopi Indians in the 1934 reservation.

Succinctly stated, this is now the situation:

(1) If anyone proceeds with the proposed right of way or transmission lines over the 1934 reservation without Hopi consent, appropriate legal action will be instituted forthwith.

(2) Hopi consent will be withheld until a plan for the impounding of disputed revenues from the reservation is devised and some assurance of intention to proceed in good faith toward the permanent solution of the conflicting tribal claims is manifest.

Yours very truly,

John S. Boyden
Hopi Tribal Attorney

[illegible]

WRO134

Exhibit 9 to
United States' Motion
DOJ22

THE HOPI TRIBE

Real Property

Res[illegible] No. H-4-66
Hopi [illegible]ibal Council

WHEREAS, the Hopi Tribal Council sees the need to re-activate the Hopi Negotiating Committee to meet with the Navajo Negotiating Committee, and for such other purposes prescribed by the Hopi Tribal Council from time to time in accordance with the Constitution and By-Laws of the Hopi Tribe,

NOW THEREFORE BE IT RESOLVED THAT the Negotiatimg Committee, be, and it is hereby re-activated, to consist of the following members and alternate, subject to the provisions of Article VI, Section 1 (L) and provided that any recommendations of the Committee shall be subject to review and final approval of the Hopi Tribal Council; provided further, that no firm commitments shall be made by this committee without the prior approval of the Hopi Tribal Council:

Dewey Healing
Abbott Sekaquaptewa, Chairman
Emory Sekaquaptewa, Jr.
Logan Koopee
Homer Cooyouma
Stanley Honahni
Thomas Balenquah
____________(vacant)
Robert Adams, Alternate

BE IT FURTHER RESOLVED, that this shall be a standing Committee, and that any vacancies occurring for any reason, shall be filled by the Hopi Tribal Council.

C E R T I F I C A T I O N

I hereby certify that the foregoing Resolution was regularly adopted by the Hopi Tribal Council on the 15th day of February, 1966, by a vote of 10 in favor and 0 opposed, the Chairman not voting, after full and free discussion on the merits.

Dewey Healing
Dewey Healing, Chairman
Hopi Tribal Council

ATTEST:

Kedric Outah, Acting Secretary
Hopi Tribal Council

APPROVED:

February 24, 1966

Clyde W. Pensoneau
Clyde W. Pensoneau, Supt.
Hopi Indian Agency

RECEIVED
REAL PROP. MGMT.
MAR 3 1966

WRO135

Exhibit 9 to
United States' Motion
DOJ23