UNITED STATES
DEPARTMENT OF THE INTERIOR
OFFICE OF THE SOLICITOR
WASHINGTON, D.C. 20240

D-66-1003.9a

July 1, 1966

Memorandum

To: Commissioner of Indian Affairs
Attn: E. R. Fryer, Assistant Commissioner

From: Associate Solicitor, Indian Affairs

Subject: Interest of Hopi Indians in area defined by Act of June 14, 1934, 48 Stat. 960

By memorandum dated June 16, 1966, you referred to this office a letter dated June 11, 1966, to the Commissioner from Mr. John S. Boyden, Hopi Tribal Attorney. Your memorandum asks whether the Hopi Indians have an interest in the area defined by the Act of June 14, 1934, 48 Stat. 960, and, if so, the nature and extent of that interest.

The Act of June 14, 1934, in part provides:

> "That the exterior boundaries of the Navajo Indian Reservation, in Arizona, be, and they are hereby defined as follows:
>
> * * * * * *
>
> All vacant, unreserved, and unappropriated public lands, including all temporary withdrawals of public lands in Arizona heretofore made for Indian purposes by Executive order or otherwise within the boundaries defined by this Act, are hereby permanently withdrawn from all forms of entry or disposal for the benefit of the Navajo and such other Indians as may already be located thereon; however, nothing herein contained shall affect the existing status of the Moqui (Hopi) Indian Reservation created by Executive order of December 16, 1882."

It is beyond question that Hopi Indians resided in the area defined by the Act at the time of its passage. The history of the Act discloses beyond quibble that Congress recognized this fact and included the "other Indians" provision for the express purpose of protecting Hopi rights.

While it is clear that the Hopi have an interest in the area described in the 1934 Act, it is not possible for us to define the nature or extent of that interest.

Although we were not supplied with copies of Mr. Boyden's earlier letters to the Commissioner which are referred to in his letter of June 11, 1966, it appears that they expressed Hopi protests to recognition by this Department of certain grants of rights in lands in the area, particularly in the vicinity of Moencopi, made unilaterally by the Navajos. Apparently the Hopis have also protested certain encroachments by the Navajos on lands in the area traditionally used or occupied by the Hopis.

We are mindful of the serious problems faced by the Bureau in attempting to administer lands in which more than one group of Indians have real but undefined interests and wish we could be more helpful in delineating the respective rights of the tribes. It may well be that only the Congress has the power to definitively deal with the issue. But, pending authoritative resolution of the respective interests of the two tribes, it would seem essential that the area be administered in a way which takes account of the Hopi interest.

Richmond F. Allan
Associate Solicitor
Indian Affairs