IN REPLY REFER TO:
l Prop. Mgmt.
inistration
0 10232

# United States Department of the Interior

BUREAU OF INDIAN AFFAIRS
WASHINGTON, D.C. 20242

DEC 28 1970

Memorandum

To: Area Director, Navajo Area
Area Director, Phoenix Area

From: Commissioner of Indian Affairs

Subject: Administrative Procedures for Real Estate Transactions within the Hopi-Navajo 1934 Disputed Area

This is in response to recent requests by the Navajo Area Director for authority to approve several transactions within the 1934 area. Proposals submitted for review include Van's Trading Post lease, Simpson and Thompson commercial lease modification at Cameron, Arizona, and a homesite lease. This extends to the other leases and permits the Navajo Area Office requested telegraphic delegation of approval authority.

On October 15, 1970, the Associate Solicitor, Indian Affairs, advised the Assistant Secretary, Public Land Management, that legal approval cannot be given to a transaction in which the Navajo interest would be recognized unilaterally and the Hopi interest ignored in view of the undefined interest of the Hopi Tribe determined to exist in the 1934 Boundary Bill Area. This was also clearly set forth in the Solicitor's memorandum of July 1, 1966.

Accordingly, the incoming copies of these transactions are returned for appropriate action by the Hopi Tribe. This action is consistent with instructions and amendments given by former Commissioner Bennett on July 8, 1966.

The Assistant Secretary, Public Land Management, in a letter to Senator Barry Goldwater dated May 14, 1970, stated that there is no way of solving the dispute administratively and that its solution will require either judicial decision, Congressional action or both.

BUREAU OF INDIAN AFFAIRS
RECEIVED

WRO193

Exhibit 13 to
United States' Motion
DOJ33

Until such time as the Assistant Secretary has determined a final course of action or legislation is enacted, the following administrative guidelines will be followed:

An area known as the Moencopi-Hopi area was delineated for administrative purposes by Assistant Secretary Loesch in identical letters dated February 26, 1970, to the respective Chairmen of the Navajo and Hopi Tribes.

This area within the 1934 disputed area set aside for exclusive use of the Hopi Tribe is to be administered through the Superintendent of the Hopi Agency and the Phoenix Area Director. Leases, exchanges, permits, rights-of-way, and other transactions affecting the real property interests in this area will require execution or consent by both tribes. The remainder of the 1934 Boundary Bill Area outside the Moencopi-Hopi exclusive use area but within the original Bennett line (or the western extension of the 1882 Executive Order Reservation) will be administered by the Area Director of the Navajo Area Office for the exclusive use of the Navajo Tribe. Again execution or consent by both tribes is required in each transaction. No exceptions will be made, including public works projects. The appropriate approving official is not delegated authority to approve separate leases, counterpart leases, or other instruments of conveyance or those authorizing tenure until all parts have been received and the approval or grant can be made of both tribal interest simultaneously. No transaction executed on behalf of only one tribe's interest will be considered a valid transaction.

All of the lands within the 1934 Boundary Bill Area outside of the original line delineated by Commissioner Bennett (or the western extension of the 1882 Executive Order Reservation) shall be administered for the exclusive use of the Navajo Tribe through the Office of the Navajo Area Director.

Transactions within this area will not be required to be executed by the Hopi Tribe.

All income collected on lands in the 1934 disputed area inside the original Bennett line (or western extension of the 1882 Executive Order Reservation) will be placed in escrow in a special deposit account pending final definition of the undetermined interest of the Hopi Tribe. Income derived from

the remainder of the 1934 area (outside the original Bennett line) will not require deposit in a special account, but the Area Directors should take note that an accounting may be required by eventual judicial or legislative action.

There should be no question or confusion in administration of the common ownership interest in the 1882 Hopi Executive Orde Reservation outside District 6 in conformance with the United States District Court decision under Healing v. Jones. Each tribe must join in each new transaction, and each tribe is entitled to receive their proportionate share in the income derived from these authorized uses.

Furthermore, the Hopi Tribe is entitled to receive their one-half individual share from all leases, permits or other authorized uses which were in existence after September 28, 1962, the date of the District Court decision. The Area Directors are hereby directed to immediately make a proper distribution to each tribe of all income previously collected and to provide for such distribution of income received in the future. We can no longer assume a unilateral position in favor of either tribe. Also, inasmuch as this entire area has been eliminated from the applicability of 25 CFR 152, Navajo Grazing Regulations, all existing annually renewable grazing permits within the area issued under Part 152 should be declared terminated upon the expiration of their current annual term; no new permits may be issued under Part 152 within the area.

Acting Commissioner

Enclosures