OCT 1972
RECEIVED
U.S. ATTORNEY
PHOENIX

FILED
COPY
OCT 1 1972
CLERK, U. S. DISTRICT COURT
DISTRICT OF ARIZONA
BY: DEPUTY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| CLARENCE HAMILTON, CHAIRMAN OF THE HOPI TRIBAL COUNCIL OF THE HOPI INDIAN TRIBE, FOR AND ON BEHALF OF THE HOPI INDIAN TRIBE, INCLUDING ALL VILLAGES AND CLANS THEREOF, AND ON BEHALF OF ANY AND ALL HOPI INDIANS CLAIMING ANY INTEREST IN THE LANDS DESCRIBED IN THE EXECUTIVE ORDER DATED DECEMBER 16, 1882, Plaintiff, | No. Civil 579 PRESCOTT |
| vs. | ORDER OF COMPLIANCE |
| PETER MacDONALD, CHAIRMAN OF THE NAVAJO TRIBAL COUNCIL OF THE NAVAJO INDIAN TRIBE FOR AND ON BEHALF OF THE NAVAJO INDIAN TRIBE, INCLUDING ALL VILLAGES AND CLANS THEREOF, AND ON BEHALF OF ANY AND ALL NAVAJO INDIANS CLAIMING ANY INTEREST IN THE LANDS DESCRIBED IN THE EXECUTIVE ORDER DATED DECEMBER 16, 1882; RICHARD G. KLEINDIENST, ATTORNEY GENERAL OF THE UNITED STATES, ON BEHALF OF THE UNITED STATES; Defendants. | |

The Plaintiff in the above-entitled action having filed his Petition for an Order and Writ of Assistance on March 13, 1970; and following an appeal and decision by the United States Court of Appeals for the Ninth Circuit and denial of a Petition for Writ of Certiorari by the Supreme Court of the United States on May 22, 1972, this Court heard and received evidence adduced by the parties hereto, and having adopted its Findings of Facts and Conclusions of Law herein on September 7, 1972, and having heard the arguments of the parties as to the proposed relief on September 30, 1972; and good cause appearing therefor,

IT IS ORDERED, ADJUDGED, AND DECREED:

That the Defendants be and they are hereby ordered and directed to grant and permit the joint use and possession of the surface, including all resources, in and to all of the Executive

A-6

COPY

Order Reservation of December 16, 1882, lying outside of the boundaries of Land Management District 6 as defined on April 24, 1943, to the Hopi Indian Tribe and the Navajo Indian Tribe, share and share alike.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1. Defendants shall forthwith commence reduction of livestock in the Joint-Use Area of the 1882 Executive Order Reservation, and within one (1) year from the date of this Order complete reduction of Navajo livestock to one-half (1/2) of the carrying capacity as determined by the Soil and Range Inventory of the 1882 Executive Order Reservation (exclusive of District 6) dated 1964.

2. Within one (1) year from the date of this Order a new Range Reconnaissance to determine the present carrying capacity of said area shall be completed by the United States, and immediately thereafter a further reduction of livestock to the actual carrying capacity shall be commenced by Defendants and be completed within six (6) months from such commencement.

3. Commencing one (1) year from the date of this Order, livestock may be grazed upon the Joint-Use Area of the 1882 Executive Order Reservation, only after new permits therefor have been issued by the Bureau of Indian Affairs, and all prior existing permits shall be deemed cancelled as of that date. Thereafter, permits may be issued to either or both tribes or individual tribal members of said tribes as the respective tribal councils of said tribes shall direct.

4. Commencing one (1) year from the date of this Order, permits covering not more than one-half (1/2) of the carrying capacity shall be issued to the Navajo Tribe or members thereof, and permits covering not more than one-half of such carrying capacity shall be issued to the Hopi Tribe or members thereof. Neither tribe, including the members thereof, shall at any one time hold permits which in total cover more than one-half (1/2) of the carrying

COPY

capacity.

5. From the date of this Order all income from said Joint-Use Area to the Navajo and Hopi Tribes, including but not limited to income from mineral production and sales, leases, trader license fees, rights-of-way grants, and licenses shall be divided equally between said tribes. However, profits and gains from livestock use permitted as hereinbefore provided shall be the sole property of the permittee. Grazing fees may be assessed and collected in the future by either tribe from individual permittees of the assessing tribe and shall inure to the benefit of said tribe without accounting to the other tribe.

6. The tribes shall exchange copies of all existing leases, easements, contracts, or other documents togehter with written descriptions of all oral agreements, which relate to the Joint-Use Area or businesses or improvements located thereon.

7. No new construction shall be permitted on the Joint-Use Area without a permit issued jointly by the two tribes, except that the Hopi Tribe shall be permitted to construct that number of dwellings or other improvements equal to those Navajo dwellings and other improvements which are presently existing or are now under construction in the Joint-Use Area.

8. Within sixty (60) days from the date of this Order the United States of America shall present to this Court for its approval a plan to facilitate and implement this Order with relation to prevention of damage to, and misuse of, the rangeland as specified in Paragraphs 1 and 2, above.

9. Within ninety (90) days from the date of this Order the United States of America shall present to this Court for its approval a plan to facilitate and implement this Order, except with relation to prevention of damage to, and misuse of, the rangeland.

10. The plans required by this Order shall take effect sOn approval of such plans by this Court.

11. Should Congressional legislation be enacted expressly

COPY

conflicting with any of the specific provisions of this Order, this Court retains jurisdiction to make such changes and further orders as may be required to correlate this Order with any conflicting statutory provisions. All other provisions of this Order not in conflict with statutory provisions shall remain in full force and effect.

12. The Clerk of this Court shall issue a Writ of Assistance directing the Defendants herein to comply with the foregoing Order.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED:

That matters and issues concerning accounting and restitution and as to liability of the United States in respect thereto, if any, to the extent this Court has jurisdiction, are expressly reserved for later consideration and hearing.

DATED this 10 day of October, 1972.

James A. Walsh

JAMES A. WALSH
United States District Judge