Copy

**IN THE UNITED STATES**

**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE NAVAJO NATION,<br><br>Plaintiff,<br>v.<br><br>THE UNITED STATES,<br><br>Defendant, | ) | No. 508-88L<br><br>Senior Judge Eric G. Bruggink |

**NAVAJO NATION'S RESPONSES TO DEFENDANT'S SECOND SET OF INTERROGATORIES, REQUESTS FOR ADMISSION, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

COMES NOW Plaintiff Navajo Nation ("Nation"), by and through its attorneys, and files its response to the above indicated discovery requests from Defendant United States of America. These responses are made for purposes of this action only, and in accordance with Rules 26 and 33 of the Rules of the United States Court of Federal Claims ("RCFC"). Further, they are filed (i) subject to, and without in any manner waiving, the Nation's objections as stated herein; and (ii) subject to the right of the parties to introduce evidence supplementing or explaining any of the matters referred to below.

Due to the volume of documents assembled and reviewed, it is possible that one or more documents that are privileged and/or otherwise not subject to production have been inadvertently disclosed. The Nation hereby reserves the right to assert privilege with respect to any such documents.

Exhibit 25 to
United States' Motion
DOJ186

In responding to the interrogatories and requests for production, the Nation has identified a particular document or documents as being responsive to one interrogatory or request for production. Due to the overlap of the questions and/or requests, any particular document may be responsive to multiple interrogatories or requests for production.

## I. GENERAL OBJECTIONS.

The Nation objects to the Defendant's discovery requests to the extent that the Defendant:

1. seeks information and materials protected by the attorney-client privilege, the deliberative process privilege and/or the work product privilege;

2. asks for a purely legal conclusion and is not proper under RCFC 33(c);

3. asks to identify "every relevant fact," which is overly broad and because the Defendant, as the party who initiated the actions relevant to the taking, is already well aware of most, if not all, of the facts relevant to the taking;

4. asks the Nation to set forth information that is provided in the documents produced and therefore unduly burdensome;

5. asks for information that the Defendant should already have in its possession either because the request was made to the Hopi Tribe and the Hopi Tribe was acting as the Defendant's agent or the request was made directly to the Defendant; or

6. asks for information that is not relevant to the pending claims and is not likely to lead to admissible evidence in this matter.

Without in any way waiving or limiting the generality of the foregoing objections, the Nation responds to the Defendant's discovery requests as follows:



Exhibit 25 to
United States' Motion
DOJ187

## II. RESPONSES TO INTERROGATORIES

**INTERROGATORY NO. 1:**

Please state the date on which You contend that the Subject Property was taken, and identify the event or events and every relevant fact on which Your contention is based.

**RESPONSE:**

The Nation contends that the Nation's claim for a temporary regulatory taking accrued on December 5, 2006, when Judge Carroll dismissed *Honyoama v. Shirley*, No. CIV 74-842-PHX-EHC, slip op. at 4 (D. Ariz. Dec. 5, 2006), that effectively lifted the freeze, thereby ending the temporary regulatory taking. *See Creppel v. United States*, 41 F.3d 627, 632 (Fed Cir. 1994); *Reed Island-MLC, Inc. v. United States*, 67 Fed. Cl. 27, 34 (2005). Nevertheless, the economic effect of the regulations that severely and completely deprived the Navajo Nation of both the economic and beneficial use of the land occurred much earlier.

Facts and events relevant to the claim:

**1.** Act of June 14, 1934, ch. 521, 48 Stat. 960 (the "1934 Act"). The 1934 Act described the external boundaries of the Navajo Reservation and stated that

> [a]ll vacant, unreserved, and unappropriated public lands . . . in Arizona heretofore made for Indian purposes by Executive order or otherwise within the boundaries defined by this Act, are hereby permanently withdrawn from all forms of entry or disposal for the benefit of the Navajo and such other Indians as may already be located thereon.

*Id.* The Court of Appeals has determined that "[t]he purposes, history, and language of the 1934 Act show an intent to withdraw all reservation land for the Navajos except for pockets occupied by Hopis." *Sekaquaptewa v. MacDonald*, 619 F.2d 801, 807 (9th Cir.1980). Based on the 1934 Act, the Navajo



Exhibit 25 to
United States' Motion
DOJ188

**INTERROGATORY NO. 5:**

Please identify any and all Development or Construction Requests made by the Plaintiff to the Hopi Tribe from July 8, 1966 to present for any property subject to the Bennett Freeze. In addition to providing detailed information about the Development request, your answer should identify the Hopi Tribe's response to each Development request.

**RESPONSE:**

The Nation previously, and contemporaneously with submission of these answers, provided the Defendant with the documents it has collected to date responsive to this interrogatory. See discovery index attached hereto as Exhibit A. These documents provide detailed information about the Development requests and also provide the Hopi Tribe's response. In addition, the Nation is attaching a table setting forth the majority of the construction requests submitted to the Hopi Tribe from 1966 through 1992. See Exhibit B.

**INTERROGATORY NO. 6:**

For each Development or Construction Request made by Plaintiff from July 8, 1966 to present for which the Hopi Tribe did not provide its consent, please indicate whether Plaintiff sought approval from any federal government agency (including the Department of the Interior) for that Development or Construction Request. In addition to providing detailed information about the Development or Construction Request, your answer should identify the government's response to each Development or Construction Request.

**RESPONSE:**

The Nation previously provided the Defendant with the documents it has collected to date responsive to this interrogatory. See discovery index attached hereto as Exhibit A. These documents

**RESPONSE:**

The Nation has previously provided the Defendant with the documents it has collected to date responsive to this request for production. See discovery index attached hereto as Exhibit A.

**REQUEST NO. 10:**

Any and all correspondence to or from any entity regarding possible economic development or use of the land included within the Bennett Freeze from July 8, 1966 to present.

**RESPONSE:**

The Nation has previously provided the Defendant with the documents it has collected to date responsive to this request for production. See discovery index attached hereto as Exhibit A.

The discovery index and these Responses to Defendant's Second Set of Interrogatories and Requests for Production of Documents will be supplemented if and when additional information and/or documents are obtained or located by the Nation.

Dated: April 27, 2007

Respectfully submitted,

BRUCE R. GREENE
M. CATHERINE CONDON
Greene, Meyer & McElroy, P.C.
1007 Pearl St., Ste. 220
Boulder, Colorado 80302
(303) 442-2021 (phone)
(303) 444-3490 (fax)

PETER J. OSETEK
1104 Michigan Ave.
Ann Arbor, Michigan 48104
(734) 769-4500 (phone)
(734) 769-7699 (fax)

*Counsel for the Navajo Nation*

By: ______________________
Bruce R. Greene



Exhibit 25 to
United States' Motion
DOJ190

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Navajo Nation's Responses to Defendant's Second Set of Interrogatories, Requests for Admission, and Requests for Production of Documents to Plaintiff* has been served upon the defendant by U.S. Mail, postage prepaid, this 27th day of April, 2007, addressed to:

William Shapiro, Tribal Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Suite 9-700
Sacramento, CA 98515

[signature]



Exhibit 25 to
United States' Motion
DOJ191