**IN THE UNITED STATES**
**COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| THE NAVAJO NATION,<br><br>Plaintiff,<br><br>v.<br><br>THE UNITED STATES,<br><br>Defendant, | ) | No. 508-88L<br><br>Senior Judge Eric G. Bruggink |

## DECLARATION OF WILLIAM J. SHAPIRO

I, WILLIAM J. SHAPIRO, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney in the Environment and Natural Resources Division of the United States Department of Justice and have been counsel of record in the above-titled case since August 16, 2001 (Doc. No. 64).

2. Since the inception of this lawsuit, the parties have exchanged a large number of documents informally and pursuant to formal discovery requests.

3. In December 2005, I prepared and transmitted to Plaintiff's counsel the United States' Second Set of Interrogatories, Requests for Admission, and Requests for Production of Documents.

4. On or about April 27, 2007, Plaintiff responded to those discovery requests. The United States attached a portion of Plaintiff's discovery response as Defendant's Exhibit 25 to its Motion to Dismiss, or in the Alternative, Motion for Summary Judgment, filed June 2, 2008 ("United States' Motion").

5. Interrogatory Number 5 of the above-referenced discovery requests asked Plaintiff to

"identify any and all Development or Construction Requests made by the Plaintiff to the Hopi Tribe from July 8, 1966 to present for any property subject to the Bennett Freeze." See Def.'s Ex. 25.

6. In response, Plaintiff referenced a discovery index that it had attached as "Exhibit A." See id.
7. In addition, Plaintiff attached a table, which it titled "Exhibit B." Plaintiff asserted that Exhibit B set "forth the majority of the construction requests submitted to the Hopi Tribe from 1966 through 1992." Id.
8. The United States attached Plaintiff's table of construction requests as Defendant's Exhibit 22 to the United States' Motion.
9. After receiving Plaintiff's discovery response, I attempted to locate and summarize all of Plaintiff's construction requests into one document.
10. The United States attached this summary exhibit as Defendant's Exhibit 24 to the United States' Motion.
11. Based on my review of the record, I believe that Defendant's Exhibit 24 contains Plaintiff's construction requests in the existing record, and accurately summarizes the existing record.
12. However, due to the volume of materials generated during discovery, the length of time involved in this case, and ambiguity in some documents, I was unable to verify the outcome of some proposal requests. In those cases where the outcome of a proposal was uncertain, I indicated "unclear" in Defendant's Exhibit 24.
13. Moreover, I was unable to verify that Plaintiff actually submitted some of the proposed development requests. For several proposals identified in Plaintiff's Exhibit B, Plaintiff did not provide the actual development request. Thus there is no independent evidentiary support

for Plaintiff's representations. However, for purposes of Defendant's Exhibit 24, I have assumed that Plaintiff actually submitted those proposals, despite the lack of supporting documentary evidence. Defendant reserves the right to challenge Plaintiff's representations at a later date, should it be necessary to do so.

14. Based on the information available to me as of this date, Defendant's Exhibit 24 summarizes the available documentary evidence in regard to Plaintiff's proposed construction requests made between 1966 and 2006.

Based on the information available to me, I certify, under penalty of perjury, that the foregoing is true and correct.

Dated: June 2, 2008

Respectfully submitted,

RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division

WILLIAM J. SHAPIRO
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
Natural Resources Section
501 I Street, Suite 9-700
Sacramento, California 95814
(916) 930-2207 (phone)
(916) 930-2210 (fax)